WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Norberto Romo,                    )
                                  )
                Plaintiff,        )
                                  )
        v.                        )     CIV 04-1794 PHX FJM (VAM)
                                  )
Dora Schriro, et al.,             )     O R D E R
                                  )
                Defendants.       )
_____ )

    On March 13, 2006, plaintiff filed a Motion for a telephonic
hearing regarding discovery disputes.  (Doc. 34).  The Court will
deny the Motion for a hearing because plaintiff has now filed a
Motion to Compel (Doc. 38) and defendants have responded (Doc.
42).  These documents give the Court sufficient information to
rule on the discovery disputes.

    On March 21, 2006, plaintiff filed a Motion for an extension
of time to comply with the Court's Order dated March 20, 2006.
(Doc. 37).  It appears that plaintiff is requesting an extension
of the discovery dispute deadline (March 20, 2006) which was set
by this Court's Order entered February 2, 2006.  (Doc. 32).  Since
plaintiff filed a Motion to Compel, which will be dealt with in
this Order, this Motion for an extension of time will be denied as
moot.

    On March 28, 2006, plaintiff filed a Motion for an extension

1  of time to comply with this Court's Order.  (Doc. 40).  In the

2  Motion, plaintiff appears to ask for additional time to file a

3  dispositive motion because of outstanding discovery disputes.  The

4  docket reflects that plaintiff filed a Motion for Summary Judgment

5  on April 24, 2006 (Docs. 45, 46); therefore, this Motion will be

6  granted and plaintiff's Motion for Summary Judgment will be deemed

7  timely filed.

8      On April 19, 2006 defendants filed a Motion for Summary

9  Judgment.  (Doc. 43).

10                    **NOTICE--WARNING TO PLAINTIFF**

11      ***THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT***[1]

12      The defendants' Motion for Summary Judgment seeks to have

13  your case dismissed.  A motion for summary judgment under Rule 56

14  of the Federal Rules of Civil Procedure will, if granted, end your

15  case.

16      Rule 56 tells you what you must do in order to oppose a

17  motion for summary judgment.  Generally, summary judgment must be

18  granted when there is no genuine issue of material fact--that is,

19  if there is no real dispute about any fact that would affect the

20  result of your case, the party who asked for summary judgment is

21  entitled to judgment as a matter of law, which will end your case.

22  When a party you are suing makes a motion for summary judgment

23  that is properly supported by declarations (or other sworn

24  testimony), you cannot simply rely on what your complaint says.

25  Instead, you must set out specific facts in declarations,

26  _____

27      [1]<u>Rand v. Rowland</u>, 154 F.3d 952, 962 (9th Cir. 1998).

28                                   2

depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

LRCiv 56.1 of the Rules of Practice of the United States District Court for the District of Arizona also requires, in addition, that you include as a part of your opposition to a Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment.

> (a)  Any party filing a motion for summary judgment shall set forth separately from the memorandum of law, and in full, the specific facts on which that party relies in support of the motion.  The specific facts shall be set forth in serial fashion and not in narrative form.  As to each fact, the statement shall refer to a specific portion of the record where the fact may be found (i.e., affidavit, deposition, etc.).  Any party opposing a motion for summary judgment must comply with the foregoing in setting forth the specific facts, which the opposing party asserts, including those facts which establish a genuine issue of material fact precluding summary judgment in favor of the moving party.  In the alternative, the movant and the party opposing the motion shall jointly file a stipulation signed by the parties setting forth a statement of the stipulated facts if the parties agree there is no genuine issue of any material fact.  As to any stipulated facts, the parties so stipulating may state that their stipulations are entered into only for the purposes of the motion for summary judgment and are not intended to be otherwise binding.

Additional provisions of LRCiv 7.2, Rules of Practice of the United States District Court for the District of Arizona are as follows:

1    Subparagraph (e) of that Rule provides:

2    Unless otherwise permitted by the Court, a motion
     including its supporting memorandum, and the response
3    including its supporting memorandum, each shall not
     exceed seventeen (17) pages, exclusive of attachments
4    and any required statement of facts.  Unless otherwise
     permitted by the Court, a reply including its supporting
5    memorandum shall not exceed eleven (11) pages, exclusive
     of attachments.

6

7    Subparagraph (i) of LRCiv 7.2 provides:

8    If a motion does not conform in all substantial respects
     with the requirements of this Local Rule, or if the
     opposing party does not serve and file the required
9    answering memoranda, or if counsel for any party fails
     to appear at the time and place assigned for oral
10   argument, such non-compliance may be deemed a consent to
     the denial or granting of the motion and the Court may
11   dispose of the motion summarily.

12       **It is plaintiff's obligation to timely respond to all**

13   **motions.  The failure of plaintiff to respond to defendants'**

14   **Motion for Summary Judgment may in the discretion of the Court be**

15   **deemed a consent to the granting of that Motion without further**

16   **notice, and judgment may be entered dismissing the complaint and**

17   **action with prejudice pursuant to LRCiv 7.2(i).  See Brydges v.**

18   **Lewis, 18 F.3d 651 (9th Cir. 1994) (per curiam).**

19       On March 23, 2006, plaintiff filed a Motion to Compel

20   Discovery.  (Doc. 38).  Defendants filed their Response opposing a

21   Motion to Compel.  (Doc. 42).  Plaintiff's Motion to Compel

22   concerns requests for production of documents.  The Court notes

23   the Motion to Compel is not in proper order as plaintiff failed to

24   attach his actual requests and the actual responses.  Instead,

25   plaintiff has simply summarized or re-stated in the Motion his

26   requests and response.  However, in Exhibit A to defendants'

27   response to the Motion to Compel, defendants have set forth the

28                                      4

requests and their responses.  Since plaintiff failed to file a
proper Motion to Compel the Court will rely on Exhibit A to
defendants' Response.  The Court notes that plaintiff's summary of
what he requested is different from Exhibit A to the response.

Review of the "Modified Request for Production of Documents"
(Exhibit A to Doc. 42) shows that as to requests for production
Nos. 1, 2, 7, 8, 10 and 11 documentation either does not exist or
defendants do not possess such documentation.  Therefore,
plaintiff's Motion to Compel on these requests for production is
denied.  As to requests for production Nos. 4, 5, 6 and 15, the
objections to the requests are sustained.  Because plaintiff has
not documented his other requests and they differ from the
requests set forth in defendants' documentation, the Motion to
Compel will be denied on all other requests as the Motion to
Compel is not properly supported.

**IT IS THEREFORE ORDERED** denying plaintiff's Motion for a
Telephonic Hearing.  (Doc. 34).

**IT IS FURTHER ORDERED** denying as moot plaintiff's Motion for
extension of time to comply with Court's Order dated March 20,
2006.  (Doc. 37).

**IT IS FURTHER ORDERED** denying without prejudice plaintiff's
Motion to Compel discovery.  (Doc. 38).

**IT IS FURTHER ORDERED** granting plaintiff's Motion for
extension of time to comply with Court's Order.  (Doc. 40).
Plaintiff's Motion for Summary Judgment and Statement of Facts
filed April 24, 2006 (Docs. 45, 46) shall be deemed timely filed.

**IT IS FURTHER ORDERED** that plaintiff shall have until May 31,

2006 within which to file a response to defendants' Motion for Summary Judgment, together with supporting affidavits or other appropriate exhibits and a separate Statement of Facts. Defendants shall have until June 20, 2006 to file a reply.

DATED this 5th day of May, 2006.


_Virginia A. Mathis_
Virginia A. Mathis
United States Magistrate Judge